UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA as subrogee of NOBERTO AND MARIA CLARO,<br><br>Plaintiff,<br><br>vs.<br><br>MAYTAG CORPORATION,<br><br>Defendant. | CIVIL ACTION NO. 3:02CV-1916 JBA<br><br>January 30, 2004 |

## MAYTAG CORPORATION'S MOTION FOR SUMMARY JUDGMENT

Maytag Corporation ("Maytag") moves pursuant to Fed. R. Civ. P. 56(b) for summary judgment on all of the plaintiff's claims against it in this products liability action.

As grounds for its motion, Maytag states that there are no genuine issues of material fact as to any of the undisputed facts contained in Maytag's Local Rule 9(c)(1) Statement. The plaintiff has no evidence that the refrigerator at issue in this case was defective at the time it left Maytag's possession and it cannot identify any defect in the refrigerator that caused the fire that forms the basis for this case.

To prevail on its claims in this case, the plaintiff must prove that: 1) the defendant was engaged in the business of selling the product; 2) the product was in a defective condition unreasonably dangerous to the consumer or user; 3) the defect caused the injury for which compensation was sought; 4) the defect existed at the time of sale; and 5) the product was expected to and did reach the consumer without substantial change in condition. Living & Learning Centre, Inc. v. Griese Custom Signs, Inc., 3 Conn. App. 661, 664 (1985).

**ORAL ARGUMENT REQUESTED**
**TESTIMONY NOT REQUIRED**

The doctrine of strict liability in tort in Connecticut recognizes three types of product defects: (1) improper design; (2) manufacturing defects; and (3) failure to warn that a product is unreasonably dangerous. Giglio v. Conn. Light & Power, 180 Conn. 230, 235-36 (1980). In this case, the plaintiff has no evidence that the refrigerator in this case was defectively designed or manufactured. The plaintiff's purported experts, Patrick Ariola, Peter S. Vallas and Frank Watkinson, Ph.D. should not be allowed to testify that the refrigerator contained a manufacturing defect, as none of them have seen the product specifications or wiring schematics for the refrigerator and cannot say how, if at all, it differed in manufacture from its intended design. No one will testify that the refrigerator was defective in design. Finally, neither the plaintiff nor its experts have articulated any claim in this case that the refrigerator lacked adequate warnings.

Instead, the plaintiff will claim that an unspecified defect caused an electrical malfunction in some unidentified component of the refrigerator and will ask the jury to speculate as to whether or not that this unidentified defect existed at the time the refrigerator left Maytag's possession at least five years before the fire. Although some Connecticut courts have permitted a plaintiff to proceed on purely circumstantial evidence of a product malfunction and have not required specific identification of the product's alleged defect, this case is not one in which that approach is appropriate, as the plaintiff has failed to adequately eliminate other potential causes for the fire and because a jury could do nothing other than speculate as to whether this unidentified defect existed at the time the refrigerator was sold. To allow the plaintiff's claims in this case to reach a jury is to make Maytag an insurer of its refrigerators and would impermissibly shift the burden of proof to Maytag to prove that the refrigerator was not defective.

Consequently, the plaintiffs have no reasonable expectation of meeting their burden of proving that the refrigerator was defective and unreasonably dangerous at the time it left Maytag's possession, and Maytag is therefore entitled to summary judgment.

## CONCLUSION

For the reasons contained in the accompanying Memorandum of Law in Support of Maytag's Motion for Summary Judgment and the Local Rule 9(c)(1) Statement of Undisputed Facts, the Court should enter summary judgment for Maytag on all Counts of the Complaint.

MAYTAG CORPORATION
By Its Attorneys

**CAMPBELL CAMPBELL
EDWARDS & CONROY
PROFESSIONAL CORPORATION**

_____
Holly M. Polglase (ct 09276)
Timothy M. Roche (ct 24373)
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing document was mailed, postage prepaid, via first class mail, on January 30, 2004 to:

Erik Loftus, Esquire
Law Offices of Stuart G. Blackburn
Two Concorde Way
P.O. Box 608
Windsor Locks, Connecticut 06096

_____
Timothy M. Roche

3