UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA as subrogee of NOBERTO AND MARIA CLARO,<br><br>Plaintiff,<br><br>vs.<br><br>MAYTAG CORPORATION,<br><br>Defendant. | CIVIL ACTION NO. 3:02CV-1916 JBA<br><br>May 1, 2003 |

### COVER SHEET RE: PLAINTIFF'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

The Plaintiff, **SAFECO INSURANCE COMPANY OF AMERICA a/s/o NORBERTO AND MARIA CLARO**, hereby gives notice that it has filed its answers to Defendant's FIRST SET OF INTERROGATORIES dated April 18, 2003.

THE PLAINTIFF,

BY: _/s/ Margaret Ralphs_
MARGARET RALPHS, ESQ.
Law Offices of Stuart G. Blackburn
Two Concorde Way
P.O. Box 608
Windsor Locks, CT 06096
Tel. (860) 292-1116
Fax (860 292-1221
Fed. Ct. #ct14251

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA as subrogee of NOBERTO AND MARIA CLARO,<br><br>Plaintiff,<br><br>vs.<br><br>MAYTAG CORPORATION,<br><br>Defendant. | CIVIL ACTION NO. 3:02CV-1916 JBA<br><br>April 18, 2003 |

## PLAINTIFF'S ANSWERS TO MAYTAG CORPORATION'S FIRST SET OF INTERROGATORIES

Maytag Corporation ("Maytag") propounds the following interrogatories to the plaintiff, Safeco Insurance Company of America a/s/o Noberto and Maria Claro, to be answered under oath pursuant to Fed. R. Civ. P. 33:

### DEFINITIONS

A. The term "refrigerator" shall refer to the "Magic Chef refrigerator" to which reference is made in paragraph 8 of the plaintiff's Complaint.

B. The term "incident" shall mean the alleged November 13, 2000 fire alleged in paragraph 7 of the plaintiff's Complaint.

C. The term "person(s)" shall mean natural persons and corporations, business entities and/or governmental entities.

D. A request for identification shall be understood to seek the person's name and last known address.

## INTERROGATORIES

### INTERROGATORY NO. 1

Describe the incident in complete detail.

Answer: Noberto Claro came home and informed his wife, Maria Claro that he smelled smoke. Maria Claro responded that she did not smell smoke and went into the kitchen and opened one of the refrigerator doors to retrieve food in preparation of dinner. Upon opening the door, she saw smoke and called her husband into the kitchen. Noberto Claro opened the door and saw flames. Noberto Claro attempted in vain to move the refrigerator out of the house.

### INTERROGATORY NO. 2

Please identify the following persons by stating their names and last known addresses:

a. Each person who witnessed the incident or was present at the scene of the incident within one hour of its occurrence;

   Noberto Claro, Maria Claro, Noberto Claro, Jr., David Pais and Margarita Pais. Additionally, fire and police personnel identified in reports produced in Exhibit A, Plaintiff's Response to Request for Production of Documents were present.

b. Each person who has inspected the accident scene and/or the refrigerator and/or the refrigerator's components, on your behalf since the incident;

   Peter Vallas, Peter Vallas Associates, Inc., 105 Main Street, Hackensack, NJ 07601.
   Police and fire personnel identified in Exhibit A in Plaintiff's Response to Request for Production.
   Melissa Ferguson, Safeco claim representative
   Rick Fradette, Safeco claim representative
   Jim at J A Houde Builders, Inc., 122 Chimney Hill Road, Wallingford, CT 06492.
   Al Fichtel, J. P. Maguire, 17 Berkshire Road, Sandy Hook, CT 06482, mailing address: P.O. Box 3307, Newton, CT 06470.

c. Every person (other than counsel) who has participated in the investigation of the incident; and
   Peter Vallas, Peter Vallas Associates, Inc., 105 Main Street, Hackensack, NJ 07601.
   Police and fire personnel identified in Exhibit A in Plaintiff's Response to Request for Production.
   Melissa Ferguson, Safeco claim representative
   Rick Fradette, Safeco claim representative

2

d. All police and/or fire department personnel present at the accident scene following the incident.

Please see Exhibit A in Plaintiff's Response to Request for Production.

## INTERROGATORY NO. 3

Identify the refrigerator by model number, year of manufacture and serial number, state the present or last known location of the refrigerator, where and under what circumstances it was last seen by you, the name and address of the person who has the refrigerator in his or her possession and the name and address every owner or possessor of the refrigerator from the time that it was manufactured until the present, and give the inclusive dates for each owner.

Answer: The model number, year of manufacture and serial number are unknown at this time. The refrigerator is currently located at Peter Vallas Associates, 105 Main Street, Hackensack. The refrigerator was last seen by the plaintiff as the loss location after the fire. Noberto and Maria Claro purchased the refrigerator new from Brooklyn Appliance, Waterbury, Connecticut approximately four to five years before the fire and were the sole owners and possessors of the refrigerator from the time of the purchase until the date of the fire. The refrigerator was located at the loss location from it was delivered by Brooklyn Appliance until Peter Vallas took the refrigerator from the loss scene after the fire. The plaintiff does not know the chain of possession from the time of manufacture to delivery to Brooklyn Appliance.

## INTERROGATORY NO. 4

Describe in detail every alteration, change or repair made to the refrigerator from the time of manufacture to the incident and from the incident to the present and set forth the name and address of every person or entity performing each alteration, change or repair and the date each was performed.

Answer: There were no alterations, changes or repairs made from the time of delivery until the time of the fire. The plaintiff is unaware of any other alterations, changes or repairs.

## INTERROGATORY NO. 5

Describe in detail all maintenance or repair work performed on the refrigerator from the time of its purchase up to the present, including in your answer the name and address of all persons or entities performing the repair or maintenance work and the date and reason for all repair or maintenance work.

Answer: There was no maintenance or repair work.

## INTERROGATORY NO. 6

3

Identify by name and address every person who has inspected and/or photographed the refrigerator from the time of the incident to the present and identify any person who examined, inspected and/or photographed the refrigerator following the incident but immediately prior to any alteration, change or repair made to the refrigerator.

Answer: There were no repairs made to the refrigerator following the fire. Peter Vallas inspected and photographed the refrigerator. Melissa Ferguson and the Waterbury Fire Department took other photos of refrigerator.

INTERROGATORY NO. 7

Itemize in detail each loss and expense for which you seek recovery in this litigation.

Answer: Itemization of damage was produced in Exhibit C, Plaintiff's Response to Request for Production, additional description of damage is set forth in the electronic claim log notes produced in Exhibit A, Plaintiff's Response to Request for Production.

```
$500 deductible incurred by the insured
$940 emergency board up J.A. Houde
$3,369.09 emergency services and winterization
        [$1,949.31 was paid under contents coverage; $1,366.78 paid under
        dwellingcoverage]
$46,563.19 actual cash value of contents
$106,907.02 actual cash value of dwelling
$11,700 loss of use [6.5 months at $1,800 per month]
TOTAL:    $169,979.30
```

INTERROGATORY NO. 8

Describe in detail each and every defect in the refrigerator which you allege caused the incident and/or the resulting damages.

Answer:   The lower portion of the refrigerator caught fire.

INTERROGATORY NO. 9

Describe each and every piece of physical evidence that indicates the existence of the defect(s) described in response to interrogatory 8.

Answer:   The remains of the refrigerator and loss scene.

INTERROGATORY NO. 10

Describe in detail how each and every alleged defect in the refrigerator contributed to cause the incident.

Answer: The plaintiff asserts that the refrigerator was defective as it caught fire during normal use.

## INTERROGATORY NO. 11

Describe each and every act or omission on the part of Maytag which you contend caused the incident or the damages that resulted from the incident.

Answer: The condition of the refrigerator was such that it caught fire.

## INTERROGATORY NO. 12

Set forth <u>verbatim</u> the warnings and instructions which you allege Maytag failed to give you and state how the warning would have prevented injury to you.

Answer: Unknown, as at this time, the plaintiff does not have a copy of written materials attendant to the refrigerator at the time it was placed in the stream of commerce.

## INTERROGATORY NO. 13

State whether you allege Maytag breached any express warranty to you and, if so, set forth <u>verbatim</u> each express warranty given and explain in detail all facts upon which you rely to support your contention that Maytag breached the express warranty and how this breach proximately caused the incident of the resulting damages.

Answer: Unknown at this time.

## INTERROGATORY NO. 14

Set forth in detail each and every fact upon which you rely to support your contention that the refrigerator was manufactured improperly or manufactured with improper materials.

Answer: The refrigerator was purchased new, was not altered or damaged (before the fire) during the time it was owned by Noberto and Maria Claro and caught fire during normal use.

## INTERROGATORY NO. 15

If you contend that the refrigerator violated or did not meet any law, regulation, statute, standard, voluntary standard, code or guideline, identify each law, regulation, statute, standard, voluntary standard, code or guideline violated and describe in detail how the washer/refrigerator did not meet or violated each.

Answer: Unknown at this time.

## INTERROGATORY NO. 16

Identify all documents which you contend are authored by and/or attributable to Maytag with regard to this action or its subject matter.

Answer:   Unknown at this time.

## INTERROGATORY NO. 17

Identify each person whom you expect to offer expert testimony on your behalf at trial and as to each such person:

- a. State the subject matters on which he or she will testify;
- b. State the substance of the facts and opinions to which he or she will testify; and
- c. Summarize the grounds for each opinion.

Answer:   It is anticipated that the plaintiff will offer the expert testimony of Peter Vallas of Peter Vallas Associates relative to the origin of the fire and is expected to testify in accordance with his report of January 10, 2001 produced in Exhibit B, Plaintiff's Production of Documents. At this time, it is unknown whether there will be additional expert testimony offered and the plaintiff will comply with the Scheduling Order.

## INTERROGATORY NO. 18

Identify any recalls and/or government investigations which you contend are relevant to your allegations of defect in the refrigerator, and state all facts upon which you rely to support your claim that the condition described in the recalls and/or investigations existed in the subject washer/refrigerator at the time of the incident.

Answer:   Unknown at this time as the model and serial numbers of the refrigerator are unknown.

## INTERROGATORY NO. 19

Identify all other similar incidents which you claim are substantially similar to the incident by stating the date, the location and the persons and entities involved in every such substantially similar incident.

Answer:   OBJECTION. The plaintiff objects pursuant to Local Rule 26(b)(2) as the documents sought should already be in the possession of the defendant and as such it would be more convenient, less burdensome and less expensive for the defendant to develop this information. Notwithstanding the objection and subject to it, the plaintiff states that it is unknown at this time, in the event that such documents are developed during discovery, they will be provided, however, absent such a discovery it is the plaintiff's position that the defendant is the most likely source of the documents requested.

## INTERROGATORY NO. 20

With respect to the installation of the refrigerator, please state the following:

a. the date the refrigerator was installed;

b. the identity of the person(s) who installed the refrigerator;

c. how the refrigerator was installed; and

d. the materials used in the installation of the refrigerator.

Answer: The refrigerator was installed by Brooklyn Appliance approximately four to five years before the fire.

MAYTAG CORPORATION
By Its Attorneys

CAMPBELL CAMPBELL
EDWARDS & CONROY
PROFESSIONAL CORPORATION

_____
Holly M. Polglase CT 09276
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing document was mailed, postage prepaid, via first class mail, on February 5, 2003 to:

Margaret Ralphs, Esquire
Law Offices of Stuart G. Blackburn
Two Concorde Way
P.O. Box 608
Windsor Locks, Connecticut 06096

_____
Holly M. Polglase

7

## CERTIFICATION

THIS IS TO CERTIFY THAT I, SUSAN GULLER, have read the foregoing answers to Interrogatories and state that they are true and accurate to the best of my knowledge and belief under pains and penalties of perjury on this 28th day of April, 2003 ~~September, 2002~~.

x _____

## CERTIFICATION

I hereby certify that the foregoing Cover Sheet and Plaintiff's Answers to Defendant's First Set of Interrogatories have been mailed this 1st day of May, 2003, first class mail, postage prepaid to the following:

Holly M. Polglase, Esq.
Timothy Roche, Esq.
Campbell, Campbell, Edwards & Conroy
One Constitution Plaza
Boston, MA 02129

*Margaret Ralphs, Esq.*